IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| In re:<br><br>ALEVO MANUFACTURING, INC.<br><br>       Debtor. | Chapter 11<br>Bankr. Case No. 17-50877-CRA |
| JEROME SINGLETON, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>ALEVO MANUFACTURING, INC.<br><br>       Defendant. | **Adv. Pro. No. _____ - \_\_\_\_\_** |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT
FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq*.
AND VIOLATION OF PAYMENT OF WAGES LAW**

Plaintiff Jerome Singleton ("Plaintiff") alleges on behalf of himself and a putative class of similarly situated former employees of Alevo Manufacturing, Inc., ("Debtor" or "Defendant") by way of this Class Action Adversary Proceeding Complaint against Defendant as follows:

**NATURE OF THE ACTION**

1. This is a class action for the recovery by Plaintiff Robert Campbell and the other similarly situated employees of Defendant for damages in the amount of 60 days' pay and ERISA benefits by reason of Defendant's violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq*. (the "WARN Act").

2. Plaintiff received notice of termination by mail without 60 days' notice as part of, or as the foreseeable result of, a mass layoff or plant shutdown ordered by Defendant. Such

termination fails to give Plaintiff and other similarly situated employees of Defendant at least 60 days' advance notice of termination, as required by the WARN Acts. As a consequence of such a WARN Acts violation, Plaintiff and other similarly situated employees of Defendant seek their statutory remedies, as well as unpaid wages such as accrued vacation pay missing from their final paychecks.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiff*

6. Plaintiff Jerome Singleton worked at Defendant's location at 2321 Concord Parkway South, Concord, NC 28027, and held the position of Project Manager until his termination on August 18, 2017.

7. Plaintiff received no advance notice of his termination nor any explanation for the sudden mass layoff.

*Defendant*

8. Upon information and belief, Defendant Alevo Manufacturing, Inc., is a Delaware corporation with its principal place of business located at 2321 Concord Parkway South, Concord, NC 28027.

9. Upon information and belief at all relevant times, Defendant owned, maintained and operated the facility located at 2321 Concord Parkway South, Concord, NC 28027 (the "Facility").

10. Upon information and belief, on August 18, 2017, Defendant terminated 290 employees who worked at or reported to the Facility or other facilities (the "Facilities").

11. Until his termination by Defendant, Plaintiff and the other similarly situated persons were employees of Defendant who worked at, received assignments from, or reported to Defendant's Facilities.

12. On August 18, 2017, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

## **FEDERAL WARN ACT CLASS ALLEGATIONS**

13. Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23(a), who worked at, or received assignments from and reported to, Defendant's Facilities and were terminated without cause beginning on or about August 18, 2017, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about August 18, 2017 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

14. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

15. Upon information and belief, Defendant employed more than 100 full-time employees who worked at or reported to the Facilities.

16. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

17. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

18. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

   (a) whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

   (b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

   (c) whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

19. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at or reported to Defendant's Facility and was terminated beginning on or about August 18, 2017, due to the mass layoff and/or plant closing ordered by Defendant.

20.     Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

21.     On or about August 18, 2017, Plaintiff was terminated by Defendant. This termination is part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which she was entitled to receive 60 days advance written notice under the WARN Act.

22.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

23.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

24.     Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

25.     The relief sought in this proceeding is equitable in nature.

## **CLAIM FOR RELIEF**

### **First Cause of Action:  Violation of the Federal WARN Act**

26. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

27. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

28. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a)(3), and continued to operate as a business until they decided to order mass layoffs or plant closings at the Facilities.

29. Beginning on or about August 18, 2017, Defendant ordered mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. § 210l(a)(2) and 20 C.F.R. § 639.3(i).

30. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

31. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

32. Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

33. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

34. Defendant failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

35. Plaintiff and each of the Class Members are "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

36. Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued vacation and personal time off for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## Second Cause of Action:  Unpaid Wages
### (§ 95-25.22 of the North Carolina Wage and Hour Act)

37. The Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs.

38. Plaintiff on behalf of himself and all similarly situated employees seeks payment of all unpaid wages in violation of § 95-25.22 of the North Carolina Wage and Hour Act, plus interest at the legal rate from the date each amount first came due.

39. Pursuant to 95-25.22(a)(d), Plaintiff and all similarly situated employees seek liquidated damages equal to their unpaid wages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification of this action as a class action;

7

B.     Designation of Plaintiff as Class Representative;

C.     Appointment of the undersigned attorneys as Class Counsel;

D.     An allowed a wage priority claim for up to $12,850 of the WARN Act claims of Plaintiff and each of the other similarly situated former employees under 11 U.S.C. § 507(a)(4) and (5), and the remainder as a general unsecured claim, or, in the alternative, post-petition administrative expense claim equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the federal WARN Act, 29 U.S.C. §2104(a)(1)(A), against Defendant in favor of Plaintiff and the other similarly situated former employees equal to those sums;

E.     An allowed priority wage claim against the Debtor pursuant to 11 U.S.C. § 507(a)(4) in favor of the Plaintiffs and the other similarly situated former employees for payment of accrued vacation time, interest, applicable liquidated damages, and attorneys' fees and costs pursuant to the North Carolina Wage and Hour Act § 95-25.22 and any unpaid benefits amounts due under 11 U.S.C. § 507(a)(5).

F.     Reasonable attorneys' fees and the costs and disbursements that Plaintiff will incur in prosecuting this action, as authorized by the WARN Act; and

G.     Such other and further relief as this Court may deem just and proper.

Dated: August 22, 2017

      s/ Jack A. Raisner
      Jack A. Raisner
      s/ Rene S. Roupinian
      René S. Roupinian
      **OUTTEN & GOLDEN LLP**
      685 Third Avenue, 25th Floor
      New York, New York 10017
      Telephone:   (212) 245-1000
      Facsimile:   (646) 509-2060
      E-mail:   jar@outtengolden.com
          rsr@outtengolden.com

      s/ June L. Basden
      June L. Basden
      North Carolina State Bar No. 13416
      **CARRUTHERS & ROTH, P. A.**
      235 North Edgeworth Street (zip code 27401)
      Post Office Box 540
      Greensboro, North Carolina  27402
      Telephone:   336-379-8651
      Facsimile:   336-273-7885
      Email:   jlb@crlaw.com

      *Attorneys for the Plaintiff and the putative class*