UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT NORTH CAROLINA

| | | |
|---|---|---|
| IN RE: ) | | |
|    ALEVO USA, INC. ) | Case No. 17-50876 | |
|       DEBTOR ) | Chapter 11 | |
| _____) | | |
| | | |
| IN RE: ) | | |
|    ALEVO MANUFACTURING, INC.) | Case No. 17-50877 | |
|       DEBTOR ) | Chapter 11 | |
| _____) | | |

RESPONSE AND OBJECTION OF THE US BANKRUPTCY ADMINISTRATORTO THE DEBTOR'S MOTION FOR APPROVAL OF POST-PETITION LOAN FOR PAYMENT OF PAYROLL AND CRITICAL EXPENSES

Now comes the United States Bankruptcy Administrator, ("BA") by and through Counsel, and by way of Response and Objection to the Debtor's Motion for a Post-petition loan, alleges and says:

1. These affiliated Chapter 11 cases were filed August 18, 2017. The Debtors remain Debtors in possession.
2. By this Motion, the Debtors seek to borrow $200,000 on a secured, super-priority basis from their landlord, Bootsmeade Leaseco, LLC. (the "Lender")
3. Pursuant to Rule 4001, as less than 14 notice is given of this Motion, the loan may be authorized on an interim basis, only to the extent necessary to avoid immediate and irreparable harm to the estate.  A creditors committee has been appointed in Manufacturing, but has not yet organized or hired counsel.  The Debtors have not yet filed their schedules or statements.
4. As the landlord in the cases, the proposed Lender has a clear incentive to promote an orderly wind-down of the Debtor's businesses.  The Debtor has presented evidence that it believes that it has considerable equity in its fixtures and equipment.  Therefore, the Lender should be willing to accept (and the Court approve) terms closer to what the market would allow.  The BA request strict proof of the Debtors' efforts to find less onerous financing.

"Although a debtor is not required to seek credit from every possible source, see In re Snowshoe Co., Inc., 789 F.2d 1085, 1088 (4th Cir.1986), a debtor must show that it made a "reasonable effort" to obtain post-petition financing from other potential Lenders on less onerous terms and that such financing was unavailable. See In re Ames Dept. Stores, 115 B.R. 34, 40 (Bankr.S.D.N.Y.1990) (citations omitted). A court must make its decision as to "[h]ow extensive the debtor's efforts to obtain credit must be" on a case-by-case basis. In re Reading Tube Industries, 72 B.R. 329, 332 (Bankr.E.D.Pa.1987)."

Suntrust Bank v. Den-Mark Const., Inc., 406 B.R. 683, 691 (E.D.N.C. 2009)

5. Further, based the testimony presented so far, this loan will allow the Debtors to operate for only 2 weeks, raising an issue regarding the futility of the loan, as it will not support the time necessary to liquidate the Debtors' assets.
6. The BA objects to the following terms of the Motion, noting that no loan documents have been provided:
    a. The maturity date of October 15 is too short; the loan should be for a minimum of 90 days or funding of the DIP facility;
    b. The events of default should not include "the Debtors' attempt… to sell any material assets without approval of Lender" as this is a liquidating case where the Debtor is (and should be) moving forward to seek the sale of its assets;
    c. The BA would object to the extent of the other default provisions, except that as the Lender's rights are subject to the automatic stay, default would lead to a hearing where the appropriate remedy would be considered.  To the extent that this is not the case, the BA objects to default provisions regarding rejection of the lease or a Motion for Relief from Stay.
    d. No lien should be allowed on causes of action under Chapter 5, as such a lien might allow the Lender to control a chapter 7 of the Debtors; further, such a lien raises difficult questions as to whether avoidable transfers could be pursued at all under Section 550, which requires a "benefit to the estate…"  Further, should the Debtor negotiate a subsequent DIP facility, but sell its assets at the low end of the range forecasted, around $3 million, the avoidance actions may be the only source of recovery for unsecured creditors and/or funding for administration.
    e. No prohibition of the rights of a trustee under Section 506(c) should be allowed on an interim basis or for such a small amount.  In any event, Section 506(c) speaks only to reasonable costs and should be preserved to allow for estate administration;
    f. There is no proposed carve out for professionals, placing the administration of the case at risk;
    g. There is no proposed budget, so that there is insufficient notice of how the funds are to be spent, and whether they are to be spent to avoid immediate and irreparable harm;

    h. Given the apparent equity in the assets of the Debtor, the Lender should not require super-priority status and a secured position.

7. To be approved, the terms of a post-petition loan must be " …fair, reasonable and adequate, given the circumstances of the debtor-borrower and the proposed lender. " In re Farmland Industries, Inc., 294 B. R. 855 (Bankr. W.D. Mo. 2003).

This the 5th day September 2017.

WILLIAM P. MILLER
U.S. BANKRUPTCY ADMINISTRATOR

By: s/Robert E. Price, Jr.
N. C. State Bar No. 9422

101 S. Edgeworth Street
Greensboro, NC 27401
(336) 358-4170

CERTIFICATE OF SERVICE

This is to certify that on this date, the foregoing document was served upon the following parties or counsel by electronic filing and/or depositing a copy in the United States mail, first class postage prepaid, addressed as follows:

Terri L. Gardner
Nelson Mullins Riley & Scarborough, LLP
P. O. Box 30519
Raleigh, NC 27622

Charles M. Ivey, III

Richard S. Wright, Esq.

Sarah R. Borders, Esq.

This the 5th day September, 2017.

                                                U.S. BANKRUPTCY ADMINISTRATOR

                                                By:     s/ Traci Galloway
                                                         Traci Galloway
                                                   Bankruptcy Analyst