IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No: 17-50877 |
| ALEVO MANUFACTURING, INC., *et al.*[1] ) ) | (Consolidated for Purposes of Administration Only) |
| ) | |
| Debtors. ) | |
| ) | Chapter 11 |

**COMMITTEE RESPONSE TO DEBTORS' MOTION TO SELL EQUIPMENT AND EMPLOY AND COMPENSATE LIQUIDATOR**

NOW COMES the Official Committee of Unsecured Creditors (the "Committee"), and submits this response to the <u>Motion By The Debtors For Authority To Sell Equipment And Other Tangible Personal Property Assets Free And Clear Of Interests, Claims And Liens And Employ And Compensate Liquidator</u> (Doc. 218, the "Motion"), as follows:

1. On August 18, 2017 (the "Petition Date"), Alevo USA, Inc. ("Alevo USA") and Alevo Manufacturing, Inc. ("Alevo Manufacturing," and together with Alevo USA, the "Debtors") filed voluntary petitions seeking relief under Chapter 11 of the Bankruptcy Code. The Debtors continue in possession of their assets and operate their businesses as debtors-in-possession.  On August 24, 2017, this Court entered an Order consolidating the Debtors' cases for purposes of administration only.

2. On September 1, 2017, an Official Committee of Unsecured Creditors (the "Committee") was duly formed and appointed in the Alevo Manufacturing case. The Committee elected John Miller, representative of SUPERB Industries, Inc., as its chair.

---

[1] Jointly administered with Alevo USA, Inc., Case No. 17-50876

Hilco motion response 2017-12-07                                                                                                           1

3. The Debtors obtained post-petition loans (the "DIP Loans") from Bootsmead LeaseCo, LLC (the "DIP Lender"), secured by liens upon all property of the Debtors' estates other than proceeds of avoidance actions.

4. Jonas & Redmann Automationstechnik GmbH ("J&R") asserts a lien upon certain portions of the Debtors' equipment manufactured by J&R. The lien is disputed and subject to an adversary proceeding commenced by the Debtor. J&R has filed an objection to the Motion, contending that (i) the proposed auctioneer does not have the requisite skill and expertise to prepare the equipment for auction, and (ii) the Motion fails to adequately set forth procedures to segregate the J&R equipment or its proceeds.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

6. In the Motion, the Debtors seek authority to sell substantially all tangible assets of their respective estates pursuant to a public auction to be held in late January 2018, and to employ a contractual joint venture composed of Hilco Industrial, LLC, Branford Auctions, LLC and Joseph Finn Co., Inc. (collectively, "Hilco") to market and sell the assets.

7. In compensation for such services, Hilco is to receive (i) reimbursement for its expenses, up to an aggregate amount of $75,000 unless otherwise approved by the Debtors and the DIP Lender, and (ii) sales commissions on completed sales by means of 16% buyer's premiums on items sold at auction or alternatively, if the auction is cancelled, a $100,000 termination fee.

8. The Committee has no objection to the terms and conditions on which Hilco would be employed, bur for the reasons set forth below the Committee believes that it would be

in the best interest of the Debtors' estates for a decision on the Motion to be delayed for the reasons set forth below.

    9.    During the Committee conference call on Wednesday, John Miller provided the following update on the Swiss insolvency proceedings regarding Alevo Group SA:

    a.    On December 1, 2017, the judge granted the request for a debt restructuring moratorium, in order to consider the asset sale proposed by Bootsmead LeaseCo, LLC ("Bootsmead"). A copy of the Bootsmead proposal is attached as <u>Exhibit A</u> and incorporated by reference.

    b.    The judge appointed an administrator to assume control of the case. On December 4-5, 2017, the administrator met with John Miller, Tom Korona (representative of Bootsmead), and counsel for Alevo Group SA.

    c.    The administrator informed the parties that he will provide written notice to Alevo Group SA that the company has 5 days to pay its creditors and recapitalize the company for future operations.

    d.    Upon information and belief, this 5-day notice is a required formality, the period will likely expire at or before the end of next week, and the Committee has no reason to believe that such funding will be provided as ample opportunity for such relief has been requested previously but has not been forthcoming.

    e.    Absent a recapitalization, the administrator intends to recommend a sale of certain assets, including Alevo International SA (holder of the intellectual property rights necessary for the development and sale of the end product) and Alevo Battery Technology GmbH (the research lab in Germany, with much of the technical know-how necessary for production), to Bootsmead pursuant to its offer.

  f. The parties expect that the judge will rule on this request before the Christmas holidays. If the Bootsmead proposal is approved by the Swiss court, the sale can be consummated quickly.

10. The Committee's expectation is that Bootsmead will acquire Alevo International SA and Alevo Battery Technology GmbH, and that this outcome will be confirmed if not fully consummated by the end of December. In such event, the best outcome for creditors of Alevo Manufacturing would be for the Debtors to negotiate either (i) a sale of the US equipment to Bootsmead, or (ii) a shared marketing of the US equipment with the intellectual property and research lab.

11. In contrast, an auction sale of the US equipment would generate <u>no funds</u> for unsecured creditors and would be appropriate only if there was no opportunity for the US equipment to be marketed and sold to or with the owner of the intellectual property and research lab.

12. Since the Debtors and the Committee are unlikely to know whether the Bootsmead proposal is approved until shortly before Christmas, the Debtors should not incur the obligation to reimburse presale expenses or to pay a termination fee until there is greater clarity on whether an auction is appropriate.

13. Accordingly, the Committee requests that the hearing on the Motion be continued until a date acceptable to the Court in early January 2018, such as January 3 or 17 in Greensboro, or January 8 in Winston-Salem.

  NOW, THEREFORE, the Committee respectfully requests that the Court enter an Order:

1. Defer ruling on the Motion and continue the hearing until a date selected by the Court in January 2018.

2. Granting such other relief as the Court deems just and proper.

Respectfully submitted this the 7th day of December, 2017.

        NORTHEN BLUE, LLP

        /s/ John A. Northen
        John A. Northen, NCSB #6789
        jan@nbfirm.com
        1414 Raleigh Road, Suite 435
        Chapel Hill, NC  27517
        Telephone No. (919) 968-4441
        *Counsel for The Official Committee of*
          *Unsecured Creditors of Alevo Manufacturing, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | **Case No: 17-50877** |
| **ALEVO MANUFACTURING, INC.,** ) | |
| *et al.*[2] ) | **(Consolidated for Purposes of** |
| ) | **Administration Only)** |
| Debtors. ) | |
| ) | **Chapter 11** |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by automatic ECF notice upon the following on this date:

| | |
|---|---|
| William P. Miller<br>*US Bankruptcy Administrator* | Terri L. Gardner<br>Nelson Mullins Riley & Scarborough, LLP<br>*Counsel for Debtors* |
| Sarah R. Borders / Jonathan W. Jordan<br>King & Spaulding<br>*Counsel for Bootsmead LeaseCo, LLC* | Daniel C. Bruton<br>Bell, Davis & Pitt, PA<br>*Counsel for Acelerex, Inc.* |
| William Alan Gray/Paul Hlad<br>Sands & Anderson, PC<br>*Counsel for Sempa Systems GmbH* | Charles M. Ivey, III / Dirk W. Siegmund<br>Ivey McClellan<br>*Counsel for Jonas Redmann Automationstechnik GmbH* |
| Jennifer Barker Lyday / Francisco T. Morales<br>Waldrep LLP<br>*Counsel for Superb Industries, Inc.* | Sam O. Simmerman<br>Krugliak, Wilkins, Griffths & Dougherty<br>*Counsel for Supberb Industries, Inc.* |
| Christopher M. Towery<br>Womble Carlyle<br>*Counsel for Duke Energy Carolinas, LLC* | Lee D. Moylan / James C. White<br>Parry Tyndall White<br>*Counsel for James Popwell* |
| Ashley S. Rusher<br>Blanco Tackabery & Matamoros, PA<br>*Counsel for Leukert GmbH* | Richard Steele Wright<br>Moon Wright & Houston, PLLC<br>*Counsel for Century Contractors, LLC* |
| Nichole S. Giffin<br>Bradley Arant Boult Cummings, LLP<br>*Counsel for MSS Fire & Security, LLC and MSS Solutions, LLC* | Valerie Kolczynski<br>City Attorney<br>*Counsel for the City of Concord* |
| June L. Basden<br>Carruthers & Roth, PA<br>*Counsel for Jerome Singleton* | Jack Raisner/Rene Roupinian<br>Outten & Golden<br>*Counsel for Jerome Singleton* |
| David W. Smith, III<br>Gray, Layton, Kersh, Solomon, Furr & Smith, PA<br>*Counsel for Recore Electrical Contractors, Inc.* | Pamela P. Keenan<br>*Counsel for Ally Financial, Inc.* |

---

[2] Jointly administered with Alevo USA, Inc., Case No. 17-50876

Hilco motion response 2017-12-07                                                                                          6

| | |
|---|---|
| Lisa P. Sumner<br>Nexsen Pruitt, PLLC<br>*Counsel for Alantum Advanced Technology Materials* | Samuel R. Maizel<br>*Counsel for Alantum Advanced Technology Materials and Alantum Advanced Technology Materials Co., Ltd* |
| Paul Eric Davis<br>Conner Gwyn Schenck, PLLC<br>*Counsel for Fire and Life Safety America, Inc.* | |
| | |

This the 7th day of December, 2017.

  /s/John A. Northen


NORTHEN BLUE, LLP
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25449
vlp@nbfirm.com
John Paul H. Cournoyer, NCSB #42224
jpc@nbfirm.com
1414 Raleigh Road, Suite 435
Chapel Hill, NC  27517
Telephone No. (919) 968-4441
*Counsel for The Official Committee of
Unsecured Creditors of Alevo Manufacturing, Inc.*