**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON-SALEM DIVISION**

IN RE:

**ALEVO MANUFACTURING, INC.,** *et al.*,   CASE NO. 17-50877
                                            (CONSOLIDATED FOR PURPOSES OF
**DEBTORS.**                                ADMINISTRATION ONLY)
                                            CHAPTER 11

**MOTION FOR COMFORT ORDER APPROVING SALE OF DEBTORS' ASSETS TO BUYER FREE AND CLEAR OF INTERESTS, CLAIMS AND LIENS**

COME NOW Alevo Manufacturing, Inc. and Alevo USA, Inc. (the Debtors), by and through counsel, and move this Court for a clarification to its "Order Approving the Debtors' Motion for Authority to Sell Equipment and other Tangible Personal Property Assets Free and Clear of Interests, Claims and Liens and Employ and Compensate Liquidation" (the "Sale Order") entered on December 14, 2017, and in support of this Motion, the Debtors show as follows:

1.   In its Sale Order, the Court allowed the Debtors to employ and retain Hilco in accordance with the terms and conditions set forth in the AMA[1] annexed to the Motion as Exhibit A.  Hilco was retained to conduct an auction of the Debtors' tangible personal property assets ("Assets"), and the sale was conducted on January 31, 2018.

2.   At the auction, bidders were allowed to bid upon approximately 200 lots into which the Assets were divided, and the bidding proceeded over a website established prior to the sale which contained a detailed description of the lots.

3.   A total of 360 parties registered to bid at the sale and many visited the Debtors' premises to view the Assets.  Hilco was very pleased with the interest generated in the sale.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4. Shortly before the sale, a party viewed the Assets with Hilco and the Debtors' representative and expressed interest in placing a bid on most of the Assets with the goal of moving the Assets from the premises to another location in New York ("the "Bulk Bidder").[2] Before the auction date, the Bulk Bidder placed $500,000 in escrow and provided a Term Sheet to purchase the Assets, with certain lots excluded, for $5.0 million. The value achieved through the sale by lots was meaningfully less than $5.0 million. The lots excluded by the Bulk Buyer could bring between $100,000 to $200,000 for the estate.

5. Negotiations continued with the Bulk Bidder, the only bulk bidder to place an offer with a deposit before the auction began. Negotiation of an Asset Purchase Agreement began after bidding closed.

6. The Debtors' post-petition lender, Bootsmead LeaseCo, LLC determined that it would not exercise its right to credit bid its post-petition loan balance of approximately $5.5 million, and the Debtors finalized negotiations of an Asset Purchase Agreement with the Bulk Bidder late on February 2, 2018.

7. The Bulk Bidder has asked that its identify not be provided at this time because the Bulk Bidder is comprised of a consortium of companies which includes a public company and wants to make an announcement to its investors at the appropriate time. However, the Bulk Bidder has, upon information and belief, no connection with the any party previously interested in the Debtors' Assets or heretofore involved in or connected to the Debtors or their cases.

8. Upon request of the Debtors, the Bulk Bidder allocated $1.25 million of its offer to the equipment securing the disputed lien of Jonas & Redmann.

---

[2] The Bulk Bidder has reached an agreement with Bootsmead LeaseCo, LLC for an extended period to remove the Assets from the premises.

9. The closing of the sale of Assets to the Bulk Bidder will occur no later than February 20, 2018.

10. The Bulk Bidder has requested a clarification to the Sale Order which is important but not contrary to the intent of the Debtors when they sought the Sale Order.

11. Paragraph 14 of the Sale Order provided:

> The Assets shall be sold free and clear of liens, claims and interests, including <u>but limited to</u> any personal property taxes, and the same shall be transferred to the proceeds of sale, *provided that*, the DIP Lender's consent shall be required for any sale of the Assets outside of an auction sale, which auction shall be scheduled in accordance with the AMA. As soon as the auction is scheduled, the Debtor shall provide notice of the same to the DIP Lender.

The Court will note that the Sale Order erroneously provides, as emphasized by the underlined wording above, that the assets are sold free and clear of lien including but limited to any personal property taxes. The Sale Order should have read "including but not limited to personal property taxes."

12. The Asset Purchase Agreement provides that the Assets will be sold free and clear of Encumbrances and taxes of any nature, Encumbrances defined as:

> SECTION 1.6 "Encumbrances" shall mean any and all liens (including judicial and statutory liens), security interests, encumbrances, claims (including options and rights of first refusal), charges, pledges, hypothecations, covenants, interests and restrictions of any kind or character.

13. The Sale Order provided that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to the Sale Order, and that the Court retained jurisdiction with respect to all matters arising from or related to the implementation of the Sale Order.

WHEREFORE, the Debtors respectfully request that the Court enter an order that clarifies the Sale Order and provides for sale of the Debtors' Assets free and clear of

Encumbrances including but not limited to taxes of any nature, and such other relief as the Court finds appropriate.

Respectfully submitted this 6th day of February, 2018.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Terri L. Gardner*
Terri L. Gardner
N.C. State Bar No. 9809
4140 Parklake Avenue
GlenLake One, Suite 200
Raleigh, North Carolina 27612
Telephone: (919) 329-3882
Facsimile: (919) 329-3799
Email: terri.gardner@nelsonmullins.com

*Counsel for Alevo USA, Inc. and Alevo Manufacturing, Inc.*